1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE DIVISION

TYLER CARR, an individual,

        Plaintiff,

    v.

TAYLOR NOREN, an individual,
WELLS FARGO BANK, N.A., AS
TRUSTEE FOR HARBORVIEW
MORTGAGE LOAN TRUST 2006-10,
a Delaware corporation, GREENPOINT
MORTGAGE FUNDING, INC., a New
York corporation, and the INTERNAL
REVENUE SERVICE, a federal agency

        Defendants

UNITED STATES OF AMERICA,

        Counter- and Cross Claim
Plaintiff

v.

TYLER CARR, an individual,
TAYLOR NOREN, an individual,
WELLS FARGO BANK, N.A., AS

CASE NO. 2:22-cv-00115-RSL

**UNITED STATES OF AMERICA
ANSWER, COUNTER- & CROSS
CLAIMS**

Answer Counter & Crossclaim - 1
Case no. 2:22-cv-00115-RSL

U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044
202-307-6483
M.Blair.Hlinka@usdoj.gov

TRUSTEE FOR HARBORVIEW
MORTGAGE LOAN TRUST 2006-10,
a Delaware corporation,

        Counter- and Cross Claim
Defendants

        and

NWBF, LLC, a Washington limited
liability company formerly known as
Isola Financial LLC and also doing
business as Northwest Builders Finance,
STATE OF WASHINGTON
DEPARTMENT OF SOCIAL &
HEALTH SERVICE DIVISION OF
CHILD SUPPORT, DAVID STRAUS,
an individual,

        Additional Cross Claim
Defendants.

The United States of America, on behalf of the Defendant Internal Revenue Service ("IRS"), hereby submits this Answer, Cross Claim against Defendant Taylor Noren to reduce $684,367.45 tax assessments to judgment, and Counter- and Cross Claim to enforce its federal tax liens attached to the Property.

## ANSWER

In response to the specified numbered paragraphs contained in Plaintiff's Amended Complaint (Dkt. # 5-1), the United States on behalf of the IRS admits, denies, and alleges as follows. All allegations not specifically admitted are denied. *See* Fed. R. Civ. P. 8(b)(3). To the extent the United States lacks knowledge sufficient to form a belief as to the truth of the averments set forth in the Amended Complaint, such averments are denied under Fed. R. Civ. P. 8(b)(5).

## I. PARTIES

1.     Plaintiff Tyler Carr ("**Plaintiff**" or "**Carr**") is an individual residing in Seattle, King County, Washington.

U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044
202-307-6483
M.Blair.Hlinka@usdoj.gov

1    **RESPONSE:** Admits.

2    2.    Defendant Taylor Noren ("**Noren**") is an individual residing in Seattle, King

3    County, Washington. Defendant Noren and Plaintiff Carr are co-owners of the Property.

4    **RESPONSE:** Admits sentence one. Admit sentence two, but clarifies Property refers to

5    the real property commonly known as 3635 23rd Avenue West, Seattle, Washington 98199

6    (hereinafter the "Property").

7

8    3.    Defendant Wells Fargo Bank, N.A. as Trustee for Harborview Mortgage Loan

9    Trust 2006-10 ("**Wells Fargo**") is a Delaware corporation, with its principal place of business in

10    San Francisco, California and doing business in the State of Washington. Wells Fargo is the

11    current beneficiary under a Corporate Assignment of Deed of Trust recorded with the King

12    County Auditor on July 24, 2018 under Recording No. 20180724001776, transferring a Deed of

13    Trust previously recorded under Recording No. 20060628001225. Wells Fargo is named as a

14    party herein pursuant to RCW 7.52.030 as a creditor having a lien on the Property.

15    **RESPONSE:** Upon information and belief, admits the first sentence. Admits Wells

16    Fargo Bank, N.A. may claim an interest in the Subject Property because of the Corporate

17    Assignment of Deed of Trust, Recording No. 20180724001776. Admits Wells Fargo was named

18    as a defendant in this action because it may claim an interest in the Property. Otherwise denies

19    for lack of information.

20

21    4.    Defendant GreenPoint Mortgage Funding, Inc. ("**GreenPoint**") is a now-defunct

22    subsidiary of Capital One Financial Corp., formerly headquartered in Novato, California, and

23    doing business in the State of Washington. GreenPoint is the purported beneficiary under a deed

24    of trust recorded with the King County Auditor on February 28, 2006 under Recording No.

25    20060228003172. GreenPoint is named as a party herein pursuant to RCW 7.52.030 as a creditor

26    having a lien on the Property.

Answer Counter & Crossclaim - 3
Case no. 2:22-cv-00115-RSL

U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044
202-307-6483
M.Blair.Hlinka@usdoj.gov

1       **RESPONSE:** Denies the first sentence for lack of information. Admits GreenPoint

2 Mortgage Funding, Inc. may have claimed an interest in the Property under a deed of trust,

3 recording no. 20060228003172, but avers GreenPoint has disclaimed its interest and been

4 dismissed from this action. *See* Dkt. # 13.

5

6       5.       Defendant Internal Revenue Service (the "IRS") is a federal agency which collects

7 tax revenue for the United States of America. The IRS recorded two tax liens against Defendant

8 Noren's interest in the Property. The first was recorded on August 22, 2017 under Recording No.

9 20170822001086 and the second was recorded on April 11, 2018 under Recording No.

10 20180411000362. The IRS is named as a party herein pursuant to RCW 7.52.030 as a creditor

11 having a lien upon Defendant Noren's interest in the Property.

12     **RESPONSE:** Regarding the first sentence of paragraph 5, admits the IRS is responsible

13 for determining, assessing, and collecting internal revenue in the United States, but avers that the

14 IRS is a *bureau* of the Department of Treasury of the United States. Regarding the second sentence

15 of paragraph 5, admits that Notices of Federal Tax Liens ("NFTLs") were recorded against

16 Defendant Noren's interest in the Property in King County, Washington, and avers the NFTLs

17 were recorded on *all property and rights to property belonging to Defendant Noren*. Regarding

18 the third sentence, admits the NFTLs referenced in sentence three of paragraph 5 were recorded in

19 King County, Washington on the dates referenced, but avers the federal tax liens arose at the time

20 the tax assessments were made against Defendant Noren. Admits the fourth sentence.

21

22

23

24

25

26

U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044
202-307-6483
M.Blair.Hlinka@usdoj.gov

## JURISDICTION AND VENUE

6.    This Court has jurisdiction over the parties and the subject matter of this action pursuant to RCW 2.08.010.

**RESPONSE:** Denies, but avers this case was removed from the Superior Court for the State of Washington for King County under 28 U.S.C. §§ 1441, 1442, 1444, and 1446, and this Court has jurisdiction pursuant to 28 U.S.C. § 1340 and 28 U.S.C. § 2410. *See* dkt. # 1.

7.    Venue is proper in King County Superior Court pursuant to RCW 4.12.010(1) because Plaintiff seeks to partition and quiet title to real property situated in King County, Washington.

**RESPONSE:** Denies, but avers venue is proper in the Western District for the District of Washington under 28 U.S.C. § 1391(b) because the Property is situated within this judicial district.

## FACTUAL ALLEGATIONS

8.    Plaintiff and Defendant Noren hold title to the Property at issue as tenants in common pursuant to a Statutory Warranty Deed duly recorded on April 5, 2005, under King County Auditor Recording No. 20050405001243. A true and correct copy of the Statutory Warranty Deed is attached hereto as Exhibit A.

**RESPONSE:** Admits sentence one. Denies sentence two, but avers Exhibit A to the Amended Complaint is an unofficial copy of the Statutory Warranty Deed attached at Dkt. # 5-1 at 10.

9.    A Deed of Trust, purportedly held by Defendant GreenPoint, is recorded against the Property under King County Auditor No. 20060228003172 (the "**GreenPoint DOT**"). The GreenPoint DOT was made to secure a mortgage in the original principal sum of $480,000.00, which was paid in full on or about June 6, 2006, when Plaintiff and Defendant Noren obtained

Answer Counter & Crossclaim - 5
Case no. 2:22-cv-00115-RSL

U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044
202-307-6483
M.Blair.Hlinka@usdoj.gov

refinancing from Paul Financial, LLC ("Paul Financial"). The GreenPoint DOT was never reconveyed.

**RESPONSE:** Admits sentence one. *See generally* dkt. # 13. Admits sentence two regarding the amount of the original principal sum, but otherwise denies for lack of information. *See id.* Admits sentence three. *See generally id.* Avers that GreenPoint has disclaimed any interest in the Property. *Id.*

10. Paul Financial recorded a Deed of Trust under King County Auditor No. 20060628001225, the beneficial interest of which was later assigned to Wells Fargo in 2018.

**RESPONSE:** Admits, but avers for clarification that Wells Fargo may claim an interest in the Property via a Corporate Assignment of Deed of Trust, instrument no. 20180724001776, which was recorded on July 24, 2018.

11. The Property is encumbered by the Deed of Trust recorded under King County Auditor No. 20180724001776, held by Defendant Wells Fargo (the "**Wells DOT**"). The Wells DOT secures a first position mortgage with a remaining balance of approximately $461,968.40.

**RESPONSE:** Admits that the Wells DOT was recorded as stated in sentence one. Sentence two of paragraph 11 calls for legal conclusions, which do not require a response. To the extent a response is required, denies for lack of information. The remaining factual allegations are likewise denied for lack of information.

12. The Property is additionally encumbered by two tax liens, assessed by the IRS. The first was recorded on August 22, 2017 under Recording No. 20170822001086 and totals approximately $1,056,520.15. The second was recorded on April 11, 2018 under Recording No. 20180411000362 and totals approximately $103,201.54.

Answer Counter & Crossclaim - 6
Case no. 2:22-cv-00115-RSL

U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044
202-307-6483
M.Blair.Hlinka@usdoj.gov

1     **RESPONSE:** Admits federal tax liens arose against Defendant Noren, and attached to all

2  his property and rights to property, including the Property at issue, but avers for clarification the

3  NFTLs are notices of federal tax liens and not tax liens, which arise upon assessment. Admits

4  that two NFTLs, described in paragraph 12 with the recording numbers 20170822001086 and

5  20170822001086, *were recorded, not assessed*, on August 22, 2017 and April 11, 2018, against

6  Defendant Noren's interest in the Property in the amounts listed in sentences two and three. For

7  purposes of clarification, the United States, on behalf of IRS, avers the IRS assessed outstanding

8  unpaid federal income tax (Form 1040) liabilities against Defendant Noren for the 2014, 2015,

9  and 2016 tax years, and these assessments were the basis of the federal tax liens and the later

10  recording of the NFTLs. The current balances due differ from those shown on the NFTLs due to

11  additional statutory accruals and any payments or collection since the time the NFTLs were

12  prepared and filed.

13

14     13.    Plaintiff and Defendant Noren each own an equal 50% interest in the Property and

15  have both contributed to the mortgage payments. However, Plaintiff has paid $76,323.54 more

16  towards the first position mortgage, in order to prevent the loan from going into default.

17     **RESPONSE:** Admits Plaintiff Carr and Defendant Noren own an interest in the

18  Property, but otherwise denies for lack of information. Denies sentence two for lack of

19  information.

20

21     14.    Plaintiff and Defendant Noren have had multiple disputes regarding ownership

22  and financial matters related to the Property. Plaintiff and Defendant Noren have been unable to

23  resolve their disputes or agree on how to server the tenancy in common.

24     **RESPONSE:** Denies for lack of information.

25

26

U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044
202-307-6483
M.Blair.Hlinka@usdoj.gov

15.     The Property, a single-family residence, cannot be subdivided or physically partitioned without great prejudice to the owners.

**RESPONSE:** Denies for lack of information.

16.     Plaintiff desires to liquidate his interest in the Property. Plaintiff, Defendant Noren, and certain buyers have executed a Residential Purchase and Sale Agreement (the "PSA").

**RESPONSE:** Admits sentence one is Plaintiff's stated desire in the Amended Complaint, but otherwise denies paragraph 16 for lack of information.

17.     Defendant Noren is indebted to several creditors who have obtained and recorded judgments against the Property, and which have attached to his ownership interest in the Property. These judgments have impeded the sale of the Property, despite only being recorded against Defendant Noren's interest.

**RESPONSE:** Admits generally that several creditors of Defendant Noren have obtained and recorded judgments against the Property, but otherwise denies for lack of information. Denies sentence two for lack of information.

18.     All liens on the Property, against any owner should be assigned only to that owner's respective interest in the Property and/or proceeds of the partition by sale.

**RESPONSE:** Paragraph 18 calls for a legal conclusion, to which no response is required. To the extent a response is required, the United States avers the NFTLs were recorded against Defendant Noren and attached to *all property and rights to property belonging to Defendant Noren*, including *his interest in the Property*.

Answer Counter & Crossclaim - 8
Case no. 2:22-cv-00115-RSL

U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044
202-307-6483
M.Blair.Hlinka@usdoj.gov

**FIRST CAUSE OF ACTION: PARTITION BY SALE (RCW 7.52.010 et seq)**

19.     Plaintiff re-alleges and incorporates the allegations set forth above as though fully restated herein.

**RESPONSE:** The allegation requires no response. To the extent a response is required, the United States, on behalf of the IRS, realleges its foregoing responses to Paragraphs 1-18 of the Amended Complaint.

20.     RCW 7.52.010 permits a tenant in common, who holds an interest in real property, to pursue and action for partition. RCW 7.52.080 allows the Court to order the sale of a property held by tenants in common when partition in kind cannot be made without great prejudice to the owners RCW 7.52.280 allows the Court to direct the terms of the sale and execution of the real property.

**RESPONSE:** Paragraph 20 calls for legal conclusions, which do not require a response. To the extent a response is required, the United States admits the general descriptions of RCW 7.52.010, RCW 7.52.080, and RCW 7.52.280 appear accurate, but denies any other factual allegations.

21.     As a tenant in common, Plaintiff has a statutory right to seek partition of the Property.

**RESPONSE:** Paragraph 21 calls for legal conclusions, which do not require a response. To the extent there are factual allegations contained in this paragraph, the United States denies any such factual allegations. The United States admits that RCW 7.52.010 permits any person holding real property as tenants in common to bring an equitable civil action to partition the land by sale if partition cannot be made without great prejudice to the owners, but otherwise denies Plaintiff is entitled to such relief because of lack of information.

U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044
202-307-6483
M.Blair.Hlinka@usdoj.gov

22.     Plaintiff desires to liquidate his interest in the Property. The Property cannot be subdivided, and any such division would create great prejudice to the Plaintiff and Defendant Noren.

**RESPONSE:** Admits it is Plaintiff's stated desire in the Amended Complaint to liquidate his interest in the Property, but otherwise denies paragraph 22 for lack of information.

23.     Plaintiff is entitled to entry of an order partitioning the Property by sale.

**RESPONSE:** Paragraph 23 calls for legal conclusions, which do not require a response. To the extent there are factual allegations contained in this paragraph, the United States denies any such factual allegations. The United States admits that RCW 7.52.010 permits any person holding real property as tenants in common to bring an equitable civil action to partition the land by sale if partition cannot be made without great prejudice to the owners, but otherwise denies Plaintiff is entitled to such relief because of lack of information.

24.     Plaintiff is entitled to an accounting as part of the partition by sale to account for the expenses of the co-tenancy and amounts paid or contributed by Plaintiff in excess of his obligations.

**RESPONSE:** Paragraph 24 calls for legal conclusions, which do not require a response. To the extent there are factual allegations contained in this paragraph, the United States denies any such factual allegations. The United States admits that Washington state law permits an equitable civil action to partition the land by sale if partition cannot be made without great prejudice to the owners, but otherwise denies Plaintiff is entitled to such relief because of lack of information. Moreover, the United States avers that the expenses of the co-tenancy and amounts paid or contributed by Plaintiff cannot be taken into account regarding a distribution from the proceeds of any sale of the Property before the United States' federal tax liens pursuant to 26 U.S.C. § 6323.

U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044
202-307-6483
M.Blair.Hlinka@usdoj.gov

25.    Plaintiff is entitled to recover his costs, including costs of sale and attorney's fees, as set forth in RCW 7.52.480. This partition action is for the common benefit of Plaintiff and Defendant Noren, and Plaintiff has incurred, and will continue to incur, reasonable attorneys' fees and costs in the prosecution of this action. Defendant Noren should pay an appropriate portion of such fees the partitioned proceeds of the sale the Property.

**RESPONSE:** Paragraph 25 calls for legal conclusions, which do not require a response. To the extent there are factual allegations contained in this paragraph, the United States denies any such factual allegations. The United States admits that Washington state law permits an equitable civil action to partition the land by sale if partition cannot be made without great prejudice to the owners, but otherwise denies Plaintiff is entitled to such relief because of lack of information. Moreover, the United States avers that Plaintiff cannot recover fees and costs from the proceeds of any sale of the Property before the United States' federal tax liens pursuant to 26 U.S.C. § 6323.

**SECOND CAUSE OF ACTION: QUIET TITLE (RCW 7.28 et seq.)**

26.    Plaintiff re-alleges and incorporates the allegations set forth above as though fully restated herein.

**RESPONSE:** The allegation requires no response. To the extent a response is required, the United States realleges its foregoing response to Paragraphs 1-25 of the Amended Complaint.

27.    Defendant GreenPoint is the beneficiary under the GreenPoint DOT, securing an obligation that has been paid in full. Pursuant to RCW 61.24.110, the GreenPoint DOT should have been reconveyed upon satisfaction in full of the underlying debt. Despite multiple prior requests, Defendant GreenPoint has failed to cause the Greenpoint DOT to be reconveyed, thus creating an impermissible cloud on title.

Answer Counter & Crossclaim - 11
Case no. 2:22-cv-00115-RSL

U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044
202-307-6483
M.Blair.Hlinka@usdoj.gov

**RESPONSE:** Denies for lack of information, but avers this paragraph is moot because the Court entered an Order "that a Judgment Quieting Title" be entered against GreenPoint and that GreenPoint be dismissed from this action. *See* dkt. # 13.

28.     Pursuant to Chapter 7.28 of the Revised Code of Washington, Plaintiff is entitled to an order quieting title to the Property, free and clear of the GreenPoint DOT.

**RESPONSE:** Admits to the extent that the Court entered an Order "that a Judgment Quieting Title" be entered against GreenPoint and that GreenPoint be dismissed from this action. *See* dkt. # 13. Avers that the Order had no impact or effect on the federal tax liens attached to the Property. *Id.*

## THIRD CAUSE OF ACTION: EQUITABLE LIEN AGAINST NOREN PROCEEDS

29.     Plaintiff re-alleges and incorporates the allegations set forth above as though fully restated herein.

**RESPONSE:** The allegation requires no response. To the extent a response is required, the United States realleges its foregoing response to Paragraphs 1-28 of the Amended Complaint.

30.     The amounts paid or contributed by Plaintiff in excess of his obligations, in an amount no less than $76,323.54, create an equitable lien in favor of the Plaintiff against the Noren proceeds.

**RESPONSE:** Paragraph 30 calls for legal conclusions, which do not require a response. To the extent there are factual allegations contained in this paragraph, the United States denies any such factual allegations. The United States avers that an equitable lien cannot have priority over the United States' federal tax liens under 26 U.S.C. § 6323.

U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044
202-307-6483
M.Blair.Hlinka@usdoj.gov

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests the following relief.

31.     For an order directing partition of the Property by sale and a division of the proceeds between Plaintiff and Defendant Noren according to their respective ownership rights.

32.     For an order assigning any liens upon the Property against any owner to only that owner's respective interest in the Property and/or proceeds of the partition by sale.

33.     For an accounting of the expenses of the co-tenancy and for an order directing that amounts paid or contributed by Plaintiff in excess of his obligations be paid from the proceeds of the sale.

34.     For an order directing that fees and costs incurred by Plaintiff, including any amounts advanced for the sale and Plaintiff's reasonable attorneys' fees and costs, be paid from the proceeds of the sale pro rata.

35.     For an order awarding an equitable lien on the Noren proceeds and in favor of Plaintiff in the sum of no less than $76,323.54. or an amount further determined at trial, to account for the disproportionate mortgage payments made by Plaintiff towards the Wells Fargo first position mortgage on the Property.

36.     For an order quieting title to the Property and declaring the GreenPoint DOT null and void; and.

37.     For such other and further relief in Plaintiff's favor as the Court deems just and equitable.

**RESPONSE:** Paragraphs 31-37 contain a prayer for relief, which does not require a response. To the extent Plaintiff's Prayer for Relief contains factual allegations that require a response, the United States denies any such factual allegations and also denies that Plaintiff is entitled to the relief request in paragraph 31 through 35 and 37. The United States notes that the Court entered an Order "that a Judgment Quieting Title" be entered against GreenPoint and that

Answer Counter & Crossclaim - 13
Case no. 2:22-cv-00115-RSL

U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044
202-307-6483
M.Blair.Hlinka@usdoj.gov

GreenPoint be dismissed from this action. *See* dkt. # 13. The Order had no impact or effect on the federal tax liens attached to the Property. *Id.*

## UNITED STATES' DEFENSES

1.  The IRS cannot be sued in its own name, and therefore this Court lacks personal jurisdiction over the IRS. The United States should be substituted for the IRS as the proper party defendant. *See e.g.*, 28 U.S.C. § 2410 ("the United States may be named a party . . ."); *Balser v. Dep't of Justice, Off. of U.S. Tr.*, 327 F.3d 903, 907 (9th Cir. 2003).

2.  To the extent Plaintiff's complaint seeks additional relief against the United States with respect to federal taxes and not articulated under 28 U.S.C. § 2410, the Court lacks subject matter jurisdiction pursuant to the Declaratory Judgment Act. *See* 28 U.S.C. § 2201.

3.  To the extent Plaintiff impermissibly seeks to enjoin the United States' efforts to collect taxes, this Court lacks subject matter jurisdiction pursuant to the Anti-Injunction Act. *See* 26 U.S.C. § 7421(a).

Answer Counter & Crossclaim - 14
Case no. 2:22-cv-00115-RSL

U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044
202-307-6483
M.Blair.Hlinka@usdoj.gov

**THE UNITED STATES' CROSS CLAIM AGAINST DEFENDANT NOREN TO REDUCE TO JUDGMENT FEDERAL TAX ASSESSMENTS AND CROSS- AND COUNTERCLAIM TO ENFORCE FEDERAL TAX LIENS**

## INTRODUCTION

1.      The United States timely brings this civil action to reduce to judgment certain outstanding federal tax liabilities assessed against Taylor Noren and to enforce federal tax liens attached to certain real property located in King County, Washington (the "Property").

2.      This action is authorized by Chief Counsel of the Internal Revenue Service (hereinafter, the "IRS"), a delegate of the Secretary of the Treasury of the United States, and brought at the direction of  asserted pursuant at direction of the Attorney General of the United States to 26 U.S.C. §§ 7401 and 7403 .

## JURISDICTION AND VENUE

3.      The Court has jurisdiction over the cross claim pursuant to 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. §§ 7402 and 7403.

4.      Venue properly lies in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1396, because it is the district where the liability for the taxes at issue accrued, where Defendant Taylor Noren resides, and where the Property is located.

## DEFENDANTS

5.      Taylor Noren is an individual residing in Seattle, King County, Washington and is named as a defendant because he has unpaid federal income tax liabilities for the 2015 and 2016 tax years, and because the United States has federal tax liens against his property and rights to property, including but not limited to his interest in the Property.

6.      Tyler Carr is named as a defendant because he may claim an interest in the Property pursuant to 26 U.S.C. § 7403(b).

U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044
202-307-6483
M.Blair.Hlinka@usdoj.gov

7.      Wells Fargo Bank, N.A. as Trustee for Harborview Mortgage Loan Trust 2006-10, is named as a defendant because it may claim an interest in the Property pursuant to 26 U.S.C. § 7403(b).

8.      State of Washington Department of Social & Health Service Division of Child Support is named as a defendant because it may claim an interest in the Property pursuant to 26 U.S.C. § 7403(b).

9.      NWBF, LLC, a Washington limited liability company formerly known as Isola Financial LLC and also doing business as Northwest Builders Finance, is named as a defendant because it may claim an interest in the Property pursuant to 26 U.S.C. § 7403(b).

10.     David Straus is named as a defendant because he may claim an interest in the Property pursuant to 26 U.S.C. § 7403(b).

11.     GreenPoint Mortgage Funding, Inc. has not been named as a defendant because it has disclaimed any interest in the Property and been dismissed from this action. *See* dkt. #13.

## INCOME TAX ASSESSMENTS AGAINST TAYLOR NOREN

### A.  Defendant Noren's $539,659.51 Liability for Tax Year 2015

12.     On or around October 17, 2016, Defendant Noren filed a Form 1040, U.S. Individual Income Tax Return, for the 2015 tax year reporting tax owed.

13.     On November 21, 2016, a duly authorized delegate of the Secretary of the Treasury made timely assessments in the amount of $541,105.53 against Defendant Noren for unpaid federal income taxes (Form 1040), including penalties, interest, and other statutory additions for the 2015 tax year.

14.     Despite timely notice and demand for payment of Form 1040 tax assessments described in paragraph 13 above, Defendant Noren has neglected, refused, or failed to make full payment of the assessed amounts to the United States.

15.     As of February 10, 2022, the balance of Defendant Noren's 2015 Form 1040 liability is $539,659.51.

U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044
202-307-6483
M.Blair.Hlinka@usdoj.gov

**B. Defendant Noren's $144,707.94 Liability 2016 Tax Year**

16.     On or around October 17, 2017, Defendant Noren filed a Form 1040, U.S. Individual Income Tax Return, for the 2016 tax year reporting tax owed.

17.     On November 20, 2017, a duly authorized delegate of the Secretary of the Treasury made timely assessments in the amount of $119,201.54 against Defendant Noren for unpaid Form 1040 taxes, including penalties, interest, and other statutory additions for the 2016 tax year.

18.     Despite timely notice and demand for payment of tax assessments described in paragraph 17 above, Defendant Noren has neglected, refused, or failed to make full payment of the assessed amounts to the United States.

19.     As of February 10, 2022, the balance of Defendant Noren's 2016 Form 1040 liability is $144,707.94.

## THE SUBJECT PROPERTY

20.     The Property is located at 3635 23rd Avenue West, Seattle, Washington 98199. The Property is legally described as follows:

> Lot 19, Block 3, Gilmans Addition to the City of Seattle, according
> to the Plat thereof recorded in Volume 5 of Plats page 93, records
> of King County, Washington

21.     Plaintiff Tyler Carr and Defendant Taylor Noren purchased the property in April 2005 and recorded a Deed of Trust (recording no. 20050405001243) with King County, Washington.

22.     On August 18, 2017, a duly authorized delegate of the Secretary of the Treasury timely recorded in King County, Washington a Notice of Federal Tax Lien (NFTL) against Defendant Noren in the amount of $1,056,520.15 relating to Form 1040 taxes, interest, and penalties assessed for outstanding 2014 and 2015 tax liabilities (recording no 20170822001086).

23.     On April 6, 2018, a duly authorized delegate of the Secretary of the Treasury timely recorded in King County, Washington an NFTL against Defendant Noren in the amount

Answer Counter & Crossclaim - 17
Case no. 2:22-cv-00115-RSL

U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044
202-307-6483
M.Blair.Hlinka@usdoj.gov

of $103,201.54 relating to Form 1040 taxes, interest, and penalties assessed for his outstanding

2016 tax liability(recording no. 20180411000362).

24.     A Corporate Assignment of Deed of Trust to Wells Fargo Bank, N.A. as trustee

for Harborview Mortgage Loan Trust 2006-10 for the Property was recorded in King County,

Washington on July 24, 2018 (recording no. 20180724001776).

25.     On April 1, 2020, the State of Washington Department of Social & Health Service

Division of Child Support recorded, in King County, Washington, a notice and statement of lien

in the amount of $14,320.20 against Taylor Carr, (recording no. 20200401001994).

26.     On April 2, 2020, the State of Washington Department of Social & Health Service

Division of Child Support recorded, in King County, Washington, a notice and statement of lien

in the amount of $14,320.20 against Taylor Carr, (recording no. 20200402001063).

27.     On July 9, 2020, NWBF, LLC recorded an amended judgment in King County,

Washington, in the amount of $508,104.94 against Taylor Noren and Roy Street Management

LLC, (recording no. 202000709002571). *See NWBF, LLC v. Roy St. Mgmt, LLC*, case no. 19-2-

18759-0-SEA (Sup. Ct. King Cty Wash.).

28.     On October 22, 2020, David Straus recorded an order of default and default

judgment in King County, Washington, in the amount of $198,121.79 against Noren

Development, LLC and Taylor Noren, (recording no. 20201022000225). *See David Straus v.

Noren Dev.*, LLC, case no. 20-2-11665-3-SEA (Sup. Ct. King Cty Wash.).

## COUNT 1: REDUCE TAX ASSESSMENTS TO JUDGMENT IN FAVOR OF THE UNITED STATE AND AGAINST DEFENDANT NOREN

29.     The United States incorporates by reference paragraphs 1 through 28 above, as if

fully set forth here.

30.     In accordance with 26 U.S.C. § 6303, timely and proper notice and demand for

payment of the federal tax assessments described in paragraphs 13 and 17 above was provided to

and made upon Defendant Noren.

U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044
202-307-6483
M.Blair.Hlinka@usdoj.gov

31.     Despite timely notice and demand for payment of federal tax assessments described in paragraphs 13 and 17 above, Defendant Noren has neglected, refused, or failed to make full payment of the assessed amounts to the United States.

32.     Based on accrued interest and other statutory additions as provided by law, as of February 10, 2022, there is due and owing on the assessments described in paragraphs 13 and 17 the sum of $684,367.45. Additional unassessed interest and other statutory additions as provided by law continue to accrue on these balances.

33.     The United States is entitled to judgment against Defendant Noren in the amount of $684,367.45, as of February 10, 2022, plus interest and penalties accruing thereafter to the date of payment.

## COUNT 2: TO ENFORCE FEDERAL TAX LIENS
## ENCUMBERING THE PROPERTY

34.     By reference, the United States realleges and incorporates the allegations contained in paragraphs 1 through 33, as if fully set forth herein.

35.     A duly authorized delegate of the Secretary of the Treasury made timely and proper assessments against Defendant Noren for unpaid federal income tax liabilities for the 2014, 2015, and 2016 tax years on November 23, 2015, November 21, 2016, and November 20, 2017, respectively. *See generally supra* ¶¶ 13, 17.

36.     Despite timely notice and demand for payment of the assessments set forth above in paragraph 35, Defendant Noren has neglected, refused, or failed to full pay the assessments against him.

37.     Pursuant to 26 U.S.C. §§ 6321 and 6322, liens arose in favor of the United States on the dates of the assessments set forth in paragraph 35 above, and attached to all property and rights to property, whether real or personal, of Defendant Noren, including his interest in the Property.

U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044
202-307-6483
M.Blair.Hlinka@usdoj.gov

38.     On August 18, 2017, and April 6, 2018, the NFTLs were recorded against Defendant Noren for unpaid federal income tax liabilities for the 2014, 2015, and 2016 tax year to provide notice to third parties of the statutory liens.

39.     The Property and all fixtures thereon are encumbered by federal tax liens for the unpaid federal tax assessments described in paragraph 35 above.

40.     The federal tax liens arising from the assessments described in paragraph 35 above have priority over all interests in the Property acquired after the attachment of the federal tax liens, subject to the provisions of 26 U.S.C. § 6323.

41.     Under 26 U.S.C. § 7403, the United States seeks and is entitled to enforce its federal tax liens.

42.     Under 26 U.S.C. § 7403(c), the United States is entitled to a decree of sale of the Property to enforce its tax liens.

## PRAYER FOR RELIEF

WHEREFORE, the United States prays that the Court adjudge and decree:

A.  Defendant Taylor Noren is indebted to the United States for unpaid federal income tax liabilities for the 2015 and 2016 tax years in the sum of $684,367.45 plus statutory interest and other additions running from February 10, 2022, as provided by law, or in such amount as the Court determines;

B.  That the United States has valid and subsisting federal tax liens, which attached to the Property at the time of the unpaid federal income tax assessments against Defendant Noren for the 2014, 2015, and 2016 tax years;

C.  That this Court determine the validity and priority of all liens and other interests in the Property;

D.  That the United States is entitled to enforce its federal tax liens, the Property be ordered sold free and clear of the liens and judgment attached to it, and the proceeds from such

U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044
202-307-6483
M.Blair.Hlinka@usdoj.gov

1    sale be distributed in accordance with the Court's findings as to the validity and priority

2    of the liens and claims of all parties; and

3    E.    That the United States be awarded its costs and fees herein, and such other and further

4    relief as this Court deems just and proper.

5    Dated: March 4, 2022                    Respectfully submitted,

6                                            DAVID A. HUBBERT
                                             Deputy Assistant Attorney General
7

8                                            */s/ M. Blair Hlinka*
                                             M. BLAIR HLINKA
9                                            Trial Attorney, Tax Division
                                             U.S. Department of Justice
10                                           P.O. Box 683
                                             Washington, D.C. 20044
11                                           202-307-6483
                                             202-307-0054 (f)
12                                           M.Blair.Hlinka@usdoj.gov
                                             *Counsel for the United States of America*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Answer Counter & Crossclaim - 21
Case no. 2:22-cv-00115-RSL

## CERTIFICATE OF SERVICE

I hereby certify that on this March 4, 2022, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, and I hereby certify that on the same date I have mailed the document by United States Postal Service to the following non-CM/ECF participants:

Binah Yeung
Nicole Springstroh
Cairncross & Hempelmann, P.S.
524 Second Ave., Ste. 500
Seattle, WA 98104
byeung@cairncross.com
nspringstroh@cairncross.com
*Counsel for Plaintiff Tyler Carr*

Robert W. Norman, Jr.
Nicholas A. Reynolds
Houser LLP
600 University St., Ste. 1708
Seattle, WA 98101
nreynolds@houser-law.com
rnorman@houser-law.com
*Counsel for Defendant Wells Fargo Bank, N.A.,*
*as Trustee for Harborview Mortgage Loan Trust 2006-10*

I also hereby certify that on the same day, I caused such filing to be mailed through USPS and emailed to the following:

Taylor Noren
3635 23rd Ave. W
Seattle, WA 98199
taynoren@gmail.com

Taylor Noren
6425 34th Ave NW
Seattle, WA 98107-2608
*Defendant*

COS - 22
Case no. 2:22-cv-00115-RSL

U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044
202-307-6483
M.Blair.Hlinka@usdoj.gov