IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| TYLER CARR, an individual,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>TAYLOR NOREN, an individual, WELLS FARGO BANK, N.A., AS TRUSTEE FOR HARBORVIEW MORTGAGE LOAN TRUST 2006-10, a Delaware corporation, and the UNITED STATES OF AMERICA<br><br>　　　　　Defendants. | NO. 2:22-CV-00115-RSL<br><br><br><br>**ORDER APPOINTING RECEIVER** |
| UNITED STATES OF AMERICA,<br><br>　　　　　Counter- and Cross<br>　　　　　Claim Plaintiff,<br><br>　　v.<br><br>TYLER CARR, an individual, TAYLOR NOREN, an individual, WELLS FARGO BANK, N.A., AS TRUSTEE FOR HARBORVIEW MORTGAGE LOAN TRUST 2006-10, a Delaware corporation,<br><br>　　　　　Counter- and Cross<br>　　　　　Claim Defendants,<br><br>　　　　　and | |

Order to Appoint Receiver for Property
(Case No. 2:22-cv-00115-RSL) – 1

**U.S. DEPARTMENT OF JUSTICE**
P.O. Box 683
Washington, D.C. 20044
202-307-6483
M.Blair.Hlinka@usdoj.gov

NWBF, LLC, a Washington limited liability company formerly known as Isola Financial LLC and also doing business as Northwest Builders Finance, STATE OF WASHINGTON DEPARTMENT OF SOCIAL & HEALTH SERVICES DIVISION OF CHILD SUPPORT, and DAVID STRAUS, an individual,

           Additional Cross Claim Defendants.

On September 1, 2022, the United States of America, Plaintiff Tyler Carr ("Plaintiff Carr"), and Defendant Wells Fargo Bank, N.A., as trustee for Harborview Mortgage Loan Trust 2006-10 (the "Trust"), and NWBF, LLC (collectively, the "Nondefaulting Parties") jointly moved this Court to appoint Steve S. Snider LLC (also known as DBA Steve Snider) as a receiver to take custody and arrange for the sale of the real property at issue in this case, commonly referred to as 3635 23rd Avenue West, Seattle, Washington 98199 (the "Subject Property"). Steve S. Snider LLC is not interested in this action and is competent and qualified to act as receiver. Upon review of the Nondefaulting Parties' motion, the record herein, and for good cause shown, it is hereby:

ORDERED that the Motion is GRANTED, and Steven S. Snider LLC is appointed, pursuant to 26 U.S.C. §§ 7402(a) and 7403(d), to act as the receiver to enforce the tax liens at issue in this case according to the terms set out below.

**Property Subject to Receivership**

Steven S. Snider LLC (hereafter, "the Receiver") is directed to take custody on or after August 26, 2022, and arrange the sale of the Subject Property, legally described as follows, subject to approval by this Court:

> Lot 19, Block 3, Gilman's Addition to the City of Seattle, according to the plat thereof recorded in Volume 5 of Plats, Page 93, records of King County, Washington.
>
> Tax Parcel No. 277060-0390-09

The Receiver is directed to take possession of the Subject Property, including all improvements, buildings, fixtures, materials, contents, and appurtenances thereon, to preserve and protect the

Order to Appoint Receiver for Property
(Case No. 2:22-cv-00115-RSL) – 2

**U.S. DEPARTMENT OF JUSTICE**
P.O. Box 683
Washington, D.C.  20044
202-307-6483
M.Blair.Hlinka@usdoj.gov

value of that property, and to arrange for the sale of that property, free and clear of any rights, titles, claims, or interests.

**The Receivership**

The Receiver's sale of any property shall occur according to the following terms:

1. The Receiver shall have the authority to, and is directed to, arrange for the sale of the Subject Property subject to confirmation by this Court. The initial listing price may be set by the United States in consultation with Plaintiff Tyler Carr, the Trust, and the Receiver. If lack of buyer interest or buyer feedback indicates that the listing price is too high, the United States in consultation with Plaintiff Tyler Carr, the Trust, and the Receiver, may lower the listing price. The United States in consultation with Plaintiff Tyler Carr, the Trust, and the Receiver, shall have the exclusive authority to decide what counteroffers, if any, to make in response to an offer. The United States, Plaintiff Tyler Carr, and the Trust, shall have the exclusive authority to decide whether to accept an offer or counteroffer for the Subject Property, conditioned on Court confirmation. If the parties cannot agree on an initial listing price or an appropriate reduction in the listing price, or whether to accept an offer to purchase the Subject Property or submit a counteroffer, the Nondefaulting Parties agree to defer to the reasonable business judgment of the Receiver.

2. The terms of any purchase agreement shall include the balance of the purchase price paid in cash or certified check at closing, and shall include an earnest money deposit, in an amount to be approved by the Nondefaulting Parties, forfeitable upon the purchaser's failure to perform. Any forfeited earnest money proceeds shall be distributed first to the Receiver to the extent of expenses incurred by the Receiver in accordance with paragraph 4 of this order, with the remainder to be deposited into the court registry for further adjudication, except to the extent the Nondefaulting Parties, in their discretion, collectively and unanimously agree that such monies may be used for maintenance, repairs, and/or improvements. A purchase agreement may include

U.S. DEPARTMENT OF JUSTICE
P.O. Box 683
Washington, D.C. 20044
202-307-6483
M.Blair.Hlinka@usdoj.gov

other customary and reasonable terms in the discretion of the United States in consultation with Plaintiff Tyler Carr, the Trust, and the Receiver.

3. The United States shall be responsible for the filing of the motion to confirm the sale. Closing shall not occur until after the sale has been confirmed by further order of this Court. At closing, the purchaser or purchasers shall receive a quitclaim deed to the Subject Property, executed by the Receiver that shall be free and clear of interests or other claims of the parties to this action, with the interests or other claims of the parties to this action to attach to the proceeds from the sale of the Subject Property in the same order of priority as they currently have against the Subject Property.

4. The Receiver shall have all of the rights and powers necessary to fulfill its obligations under this Order, specifically including, but not necessarily limited to, the power to enter the Subject Property, to inspect the Subject Property, to advertise the sale of the Subject Property, to show the Subject Property to prospective buyers, to take any action reasonably necessary to protect and preserve the value of the Subject Property prior to sale, and to put the Subject Property into salable condition, including making expenditure of funds less than $1,000 (in total) without preauthorization from the Nondefaulting Parties, or if greater than $1,000 (in total) first obtaining the authorization of the Nondefaulting Parties, for reasonable and necessary repairs, maintenance, and minor improvements, including, but not limited to, the purchase of property and liability insurance. Any expenditures will be reimbursed in accordance with paragraph 7 of this Order, to the extent not already paid under paragraph 2. The Receiver shall not have any obligation to advance its own funds to pay any costs or expenses related to the Subject Property.

5. Upon information and belief, the Subject Property is vacant or abandoned. To the extent the Subject Property is not vacant or abandoned, the Receiver shall serve a copy of this Order on any persons occupying the Subject Property and shall file proof of service. Any persons occupying the Subject Property shall have thirty days from the date of service to permanently

Order to Appoint Receiver for Property
(Case No. 2:22-cv-00115-RSL) – 4

U.S. DEPARTMENT OF JUSTICE
P.O. Box 683
Washington, D.C. 20044
202-307-6483
M.Blair.Hlinka@usdoj.gov

vacate the Subject Property or to file a motion for relief in this Court. Each person vacating the Subject Property shall take with them his or her personal property (but leaving all improvements, buildings, fixtures, and appurtenances to the Subject Property). If any person fails or refuses to vacate the Subject Property and has not filed a motion for relief by the date specified in this Order, the Receiver is authorized to coordinate with the United States Marshals Service to take all actions that are reasonably necessary to have those persons ejected. This includes that the United States Marshals Service is authorized and directed to take any and all necessary actions, including but not limited to breaking and entering, and the use of reasonable force, to enter and remain on the premises, which includes, but is not limited to, the land, the buildings, vehicles and any structures located thereon, for the purpose of executing this Order. The United States Marshals Service is further authorized and directed to arrest and/or evict from the premises any and all persons who obstruct, attempt to obstruct, or interfere or attempt to interfere, in any way with the execution of this Order.

6. Any personal property remaining on the Subject Property thirty (30) days after the date of this Order is deemed forfeited and abandoned unless the owner of the property has filed a motion for relief with the Court. The Receiver is authorized to dispose of forfeited property in any manner seen fit, including sale, in which case the proceeds of that sale are to be applied first to the costs and expenses of sale and the balance shall be paid into the Court registry for further distribution. The Nondefaulting Parties may authorize the Receiver to consult with various experts on the sale of the contents inside the property, including art, furnishings, vehicles and equipment. Nothing in this Order shall be construed to restrict or otherwise interfere with the Internal Revenue Service's ability to administratively collect against the personal property of Taylor Noren, in accordance with the law.

7. The Receiver shall be compensated from the proceeds of the sale of the Subject Property:

Order to Appoint Receiver for Property
(Case No. 2:22-cv-00115-RSL) – 5

U.S. DEPARTMENT OF JUSTICE
P.O. Box 683
Washington, D.C. 20044
202-307-6483
M.Blair.Hlinka@usdoj.gov

      (a)    in an amount equal to 6% percent of the gross sale proceeds from which the Receiver must pay any buyer broker commission; or if the Receiver finds the buyer, without having to involve a separate buyer's agent, in an amount equal to 5% percent of the gross sale proceeds;

      (b)    for its reasonable and necessary expenditures incurred in compliance with paragraph 4 above (e.g., for repairs, maintenance, minor improvements, and/or insurance); and

      (c)    with respect to any consultations concerning the sale of personal property that were first approved by the Nondefaulting Parties under paragraph 6, above, the Receiver is authorized to charge **$50** per hour for these services, limited to no more than **twenty (20)** hours per month, and not to exceed $2,000.00 over the course of two (2) months, without prior approval from the Nondefaulting Parties.

The Receiver shall receive payment of the above-described compensation from a distribution from the proceeds of a sale approved by the Court at closing, as a direct cost of sale, and before any net sale proceeds are used to pay the claims of the parties to this action.

8. Net proceeds after payment of compensation to the Receiver as set forth in paragraph 7 shall be deposited with the Court unless directed otherwise in a sale confirmation order. After the closing of a sale of the Subject Property, the United States shall file a request for an order of distribution of the net sale proceeds in accordance with the stipulations previously or to be filed with the Court regarding the determination of order of priority and the Court's Orders approving those stipulations. The United States in consultation with Plaintiff Tyler Carr, the Trust, and NWBF, LLC, shall propose which person and/or entities shall receive payment from the net proceeds and the amount each person and/or entity shall receive. In the event the Nondefaulting Parties do not agree on distribution, the Nondefaulting Parties shall each be entitled to propose

Order to Appoint Receiver for Property
(Case No. 2:22-cv-00115-RSL) – 6

**U.S. DEPARTMENT OF JUSTICE**
P.O. Box 683
Washington, D.C.  20044
202-307-6483
M.Blair.Hlinka@usdoj.gov

which person and/or entities shall receive payment from the net proceeds and the amount each person and/or entity shall receive, for the Court's consideration and final determination.

9. Plaintiff, all of the defendants in this case, and all other persons acting in concert with them, or on their behalf, are hereby restrained and enjoined from doing anything that tends to interfere with or reduce the value or marketability of the Subject Property, or from interfering with the Receiver, or with the Receiver's efforts to comply with his obligations under this Order. Violation of this paragraph shall be deemed a contempt of court and punishable as such.

Respectfully presented by,

DAVID A. HUBBERT
Deputy Assistant Attorney General

*M. Blair Hlinka*
M. BLAIR HLINKA
Trial Attorney, Tax Division
U.S. Department of Justice
*Counsel for the United States*

Dated this 6th day of September, 2022.

*[signature]*
Robert S. Lasnik
United States District Judge

Order to Appoint Receiver for Property
(Case No. 2:22-cv-00115-RSL) – 7

U.S. DEPARTMENT OF JUSTICE
P.O. Box 683
Washington, D.C.  20044
202-307-6483
M.Blair.Hlinka@usdoj.gov